JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-CV-02252-RGK(AGRx) | Date | April 29, 2020 |
|---|---|---|---|
| Title | *SAMI SARGANI NEJAD v. FCA US LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Order Remanding Action to State Court

On January 21, 2020, Sami Zargani Nejad ("Plaintiff") filed a Complaint against FCA US LLC, et al ("Defendants") alleging violations of the Song-Beverly Warranty Act and Fraudulent Inducement.

On March 9, 2020, Defendants removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendants' Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In her complaint, Plaintiff seeks damages, including compensatory damages, restitution, statutory remedies, punitive damages, and attorneys' fees and costs. In support of its removal, Defendants point out that Plaintiff alleges that she suffered damages in an amount no less than $25,001. Defendants then argues that adding civil penalties under the Song-Beverly Act and attorneys' fees, the amount in controversy more likely than not exceeds $75,000. The Court disagrees.

The Complaint alleges that Plaintiff leased the subject vehicle on October 1, 2016. While the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, this amount must be reduced to account for any use by plaintiff prior to the first repair of the vehicle. *See Tokmakova*

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-CV-02252-RGK(AGRx) | Date | April 29, 2020 |
|---|---|---|---|
| Title | *SAMI SARGANI NEJAD v. FCA US LLC, et al* | | |

*v. Volkswagen Group of America, Inc.*, 2012 WL 12952629, at * 2–3. Here, there is there no indication as to how many miles Plaintiff drove the car prior to the first repair. Without such facts, the Court is left with considerable doubt as to the amount in controversy. *Accord Tokmakova*, 2012 WL 12952629, at *3. Further, a plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). Again, there are no facts indicating how many payments have already been made on the lease.

     As Defendant points out, Plaintiff would be entitled to civil penalties and attorneys' fees if the action succeeds. However, the Court finds that Defendant's inclusion of these amounts is similarly deficient. As to attorneys' fees, the Court finds that Defendant has not carried its burden of showing by a preponderance of the evidence the amount of future attorneys' fees. At best, Defendant has provided only speculation. As to civil penalties, the Song-Beverly Act allows a plaintiff to recover up to two times the amount of actual damages for a willful violation of the Act. However, as stated above, there are insufficient facts going to the amount of actual damages. Therefore, the starting point is also speculative, at best. Nor has Defendant has not offered any evidence to support such an award at all.

     Accordingly, the Court is not satisfied that Defendant has satisfied their burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

     In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

     **IT IS SO ORDERED.**

                                                                                                      :

Initials of Preparer